### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *  Crim. No.: MJM-23-47 |
| | * |
| DURON YOUNG, | * |
| | * |
| Defendant. | * |

* * * * * * * * * *

### MEMORANDUM ORDER

Currently pending are two Motions to Exclude Time Pursuant to the Speedy Trial Act filed by the United States on February 20, 2024, and April 24, 2024. ECF Nos. 37 (the "Second Motion") & 42 (the "Third Motion").[1] In total, the Government requests a finding that the period from May 26, 2023, through June 6, 2024, is excluded from computation under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq. Id.* at 5. Defendant Duron Young filed a response in partial opposition to the Second Motion. ECF No. 39. The Government did not file a reply. No hearing is necessary. Loc. R. 105.6 & 207.1 (D. Md. 2023). For reasons stated herein, the Second Motion is GRANTED IN PART and DENIED IN PART, and the Third Motion is GRANTED.

I. BACKGROUND

An Indictment was filed in this case on February 8, 2023, charging Mr. Young in one count with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g). ECF No. 1. Mr. Young made an initial appearance on March 22, 2023, and counsel was

---

[1] The Government filed its first Motion to Exclude Time Pursuant to the Speedy Trial Act (the "First Motion") on April 11, 2023, with the consent of defense counsel. ECF No. 11. The motion was granted by Order entered on April 17, 2023. ECF No. 13.

1

appointed to represent him in this matter. The Government produced discovery to Mr. Young, and the parties undertook plea negotiations. ECF No. 11 at 1.

On April 11, 2023, the Government filed its First Motion, with consent of defense counsel, seeking an Order excluding the period from April 10, 2023, through May 23, 2023, from time computations under the Speedy Trial Act. *Id.* The Government argued in the First Motion that the requested exclusion of time would provide Mr. Young time to review discovery with his counsel and "for the parties to engage in meaningful plea discussions." *Id.* at 2–3. On April 17, 2023, Judge Russell entered an Order granting the First Motion and excluding the period from April 10, 2023, through May 23, 2023, under the Speedy Trial Act. ECF No. 13.

This matter was re-assigned to the undersigned on November 15, 2023. At that point, no trial had been scheduled, and no motion had been filed, nor court order entered, to exclude time pursuant to the Speedy Trial Act beyond May 23, 2023. The Court directed the parties to file a joint status report on or before January 8, 2024. ECF No. 33. In a status report filed on that date, counsel for the Government stated that Mr. Young and his counsel had reviewed the discovery provided to them, that "[t]he Government may produce additional discovery . . . in the future[,]" and that the parties were "involved in plea negotiations." ECF No. 34. The parties requested additional time to determine whether the case could be resolved short of trial before the Court set dates for any hearing or trial. *Id.* The status report further stated that "[t]he Government plan[ned] to file a motion to exclude time through March 9, 2024[,]" and suggested that another status report before filed before that date. *Id.* The Court reviewed the status report and approved it by marginal Order on January 9, 2024. ECF No. 35.

The Government filed the Second Motion on February 20, 2024, requesting an order excluding the period from May 26, 2023, through April 22, 2024, from time computations under

2

the Speedy Trial Act. ECF No. 37. In the Second Motion, the Government argues that the ends of justice served from excluding this period outweigh the interests of Mr. Young and the public in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7). *Id.* The Government states that the parties "have been actively engaged in plea negotiations since June 2023" and argues that the requested exclusion of time would accommodate further plea discussions or, if a resolution was not reached, provide time for the defense to consider, prepare, and file pretrial motions. *Id.* at 4. Finally, the Government noted that defense counsel consents to excluding the period from February 13, 2024, through April 22, 2024, but does not consent to excluding the period prior to February 13th. *Id.*

Mr. Young filed a response in partial opposition to the Second Motion on February 29, 2024, arguing that retroactive exclusion of the seven-month period between May 26, 2023, and January 7, 2024, is not permitted under the Speedy Trial Act. ECF No. 39. Specifically, Mr. Young argues that "there is no record evidence that the court contemporaneously considered ends-of-justice balancing before granting a continuance during that period, as the law requires." *Id.* at 4.

On March 19, 2024, counsel for the Government filed another status report on behalf of the parties. ECF No. 40. The status report noted that a new attorney entered an appearance on Mr. Young's behalf on February 8, 2024, and had become familiar with the case but required additional time to discuss it with Mr. Young. Id. Like the previous status report, the parties requested additional time to determine whether the case could be resolved short of trial before the Court set dates for any hearing or trial. *Id.*

On April 24, 2024, the Government filed the Third Motion, requesting, with the consent of defense counsel, an order excluding the period from April 23, 2024, through June 6, 2024, from time computations under the Speedy Trial Act. ECF No. 42. The Government argues that the ends of justice served from excluding this more recent period outweigh the interests of Mr. Young and

the public in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7). *Id.* The Government states again that the parties "have been actively engaged in plea negotiations since June 2023" and argues that the requested exclusion of time would accommodate further plea discussions or, if a resolution was not reached, provide time for the defense to consider, prepare, and file pretrial motions. *Id.* at 4. The Third Motion is unopposed.

In May 2024, the Court received correspondence from the defense, which is currently sealed, regarding the need for an attorney inquiry hearing for Mr. Young. An attorney inquiry hearing was ultimately conducted on May 23, 2024, and Mr. Young's counsel was discharged at that time. Mr. Young remains pending appointment of new counsel.

## II. APPLICABLE LAW

The Speedy Trial Act "requires the government to proceed to trial within 70 days of the indictment or the defendant's initial court appearance, whichever occurs later." *United States v. Smart*, 91 F.4th 214, 220 (4th Cir. 2024) (citing 18 U.S.C. § 3161(c)(1)). "If this 70-day period elapses and the defendant moves to dismiss the charges on Speedy Trial grounds before trial, then the charges 'shall be dismissed.'" *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022) (quoting § 3162(a)(2)). "But [the Act] also contains exceptions that toll this 70-day clock." *Smart*, 91 F.4th at 220 (citing § 3161(h)).

Apart from several enumerated exceptions, § 3161(h) provides that a period of delay "resulting from a continuance granted by [the court]" may toll the 70-day clock "if the judge granted such continuance" based on "his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a period of delay is excludable only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the

granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* This ends-of-justice balancing must be conducted contemporaneously with granting the continuance. *United States v. Hart*, 91 F.4th 732, 740–41 (4th Cir. 2024). The Fourth Circuit has held that "nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act." *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984). The court must put its findings on the record "by the time it rules on a defendant's motion to dismiss under the Speedy Trial Act." *United States v. Pair*, 84 F.4th 577, 584 (4th Cir. 2023), *cert. denied*, No. 23-7232, 2024 WL 2709396 (May 28, 2024).

Section 3161(h)(7)(B) provides a non-exhaustive list of factors for the court to consider in conducting the required balancing. An ends-of-justice continuance cannot be supported by "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

### III.  ANALYSIS

The record before this Court does not support excluding the period from May 26, 2023, through January 7, 2024, pursuant to § 3161(h)(7). No status conference was held, and no status report or motion to exclude time was filed at any point during this seven-month period. By the time the parties' first status report was filed on January 8, 2024, the period in which this matter was required to proceed to trial, pursuant to § 3161(c), had long expired. It was not until then that the Court was in a position to conduct the ends-of-justice balancing required by § 3161(h)(7). At that point, it was too late to grant any continuance under § 3161(h)(7) because the 70-day Speedy Trial Act clock had expired. *See Carey*, 746 F.2d at 230 (holding post-expiration "nunc pro tunc

or retroactive continuances" to be invalid). For this reason alone, the Second Motion must be denied as to the period between May 26, 2023, and January 7, 2024.

The Second Motion is granted, however, as to the period from January 8, 2024, through April 22, 2024, and the Third Motion is granted as to the period from April 23, 2024, through June 6, 2024.[2] Additionally, the period from June 7, 2024, through July 8, 2024, shall be excluded from time computations under the Speedy Trial Act.[3]

The Court finds that the ends of justice served by a continuance for the period since January 8, 2024, outweigh the best interest of Mr. Young and the public in a speedy trial. Specifically, since January 8th, the Government has engaged in discussions with defense counsel to resolve the case short of trial and filed two motions to exclude time from Speedy Trial Act computations. The Court has been apprised of the parties' efforts to resolve the case since January 8th. I reviewed and approved two status reports filed since that date at the time each status report was filed and approved by marginal order the parties' proposal to delay scheduling of any trial in this case to accommodate then-ongoing plea discussions. At each time a status report was filed, I found that the continuances granted in this Order were justified by ends of justice that would be served by a resolution of the case short of trial. Additionally, Mr. Young's counsel was recently discharged following an attorney inquiry hearing. His new counsel will require time to gain familiarity with the case, to review discovery with Mr. Young, to prepare defenses, and to consider filing pretrial motions. Pursuant to § 3161(h)(7), the ends of justice served by a continuance of the trial date to accommodate further negotiations with the Government toward a potential resolution and/or

---

[2] The Court notes again that the Third Motion is unopposed in its entirety.

[3] Section 3161(h)(7) permits the court to grant a continuance on its own motion based upon an ends-of-justice finding.

preparation for pretrial motions and trial outweigh Mr. Young's and the public's interests in a speedy trial.[4]

## IV.	ORDER

For the foregoing reasons, the Government's Second Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF No. 37) is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to the period from May 26, 2023, through January 7, 2024, and GRANTED as to the period from January 8, 2024, to April 22, 2024. The Government's Third Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF No. 42) is GRANTED, as to the period from April 23, 2024, through June 6, 2024. Additionally, the period from June 7, 2024, to July 8, 2024, shall be tolled. In total, the period from January 8, 2024, to July 8, 2024, shall be excluded from time computations under the Speedy Trial Act, based on findings made herein.

It is so ordered.

June 5, 2024	        /S/
Date	Matthew J. Maddox
	United States District Judge

---

[4] To date, Mr. Young has not filed any motion to dismiss the Indictment pursuant to the Speedy Trial Act.